ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division
WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6475
    FAX: (415) 436-7234
    wendy.garbers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 24-cr-00140-JD |
| Plaintiff, | ) **UNITED STATE'S SENTENCING MEMO** |
| v. | ) |
| CRAIG DEWAYNE HOLMAN, | ) Date: October 28, 2024<br>) Time: 10:30 a.m. |
| Defendant. | ) |

## I. BACKGROUND

Defendant Craig (CieCie) Holman has a long history of mail, identity, and other theft. The current charges arise out of Holman's fraudulent use of an unemployment insurance debit card issued to A.E. Holman did not have A.E.'s permission to have this debit card and fraudulently used it to obtain approximately $4,131.32 in benefits in 2020.

In April 2020, victim A.E. contacted the United State Postal Inspection Service, indicating that his apartment mailbox had been broken into and his mail stolen. A.E. further relayed that he was expecting a California Employment Development Division debit card to be delivered, however he never received it. Bank records showed that Holman was in possession of the stolen debit card and used it to make unauthorized withdrawals and purchases.

1  On July 12, 2022, the government filed a Criminal Complaint, alleging that Holman committed Fraudulent Use of Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(5).  On March 5, 2024, the grand jury returned a one-count Indictment, charging Holman with Fraudulent Use of Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(5).  (ECF 1.)

After being charged, Holman committed a number of violations of the terms of her pretrial release.  On July 19, 2024, Pretrial filed a violations memo, asking the Court to issue a no-bail warrant for Holman's arrest.  On July 19, 2024, the Court signed an order for Holman's arrest in response to Pretrial's Petition for Arrest Warrant.  (ECF 30.)  After Holman was arrested by the U.S. Marshals Service, she was searched incident to arrest.  She was ultimately discovered to be in possession of other peoples' mail, another person's check, and two credit cards in other peoples' names.  (ECF 38.)

On September 16, 2024, Holman accepted responsibility for her crimes and entered a guilty plea.  (ECF 48; 50.)

## II. SENTENCING GUIDELINES CALCULATIONS

As set forth in the PSR, the Sentencing Guidelines calculations for Holman's offense level are as follows:

    a. **Base Offense Level, U.S.S.G. § 2B1.1(a)(2):**     **6**

    b. **Specific offense characteristics:**     **+0**

    c. **Acceptance of Responsibility § 3E1.1:**     **-2**

    d. **Total Offense Level:**     **4**

(*See* PSR ¶¶ 23-31.)  The parties have not reached any agreement regarding Holman's criminal history.  Probation has calculated that Holman's criminal history score is 27, and she therefore falls into Criminal History Category VI.  (*Id.* at ¶ 68.)  The government agrees with Probation's criminal history calculations.  As reflected in the PSR, the Guidelines range for imprisonment associated with total offense level 4 and Criminal History Category VI is 6-12 months.  (*Id.* at ¶ 148.)

## III. GOVERNMENT'S SENTENCING RECOMMENDATION

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to rehabilitate the defendant. 18 U.S.C. § 3553(a)(2); *United States*

*v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  Section 3553(a) sets forth several factors that the Court must consider in determining a just sentence: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines range for sentences; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims.  18 U.S.C. § 3553(a); *Carty*, 520 F.3d at 991.  The Guidelines are "the starting point and the initial benchmark."  *Gall v. United States*, 552 U.S. 38, 49 (2007).  Although the Guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007).

The government recommends a custodial sentence of five months.  Holman has a long history of mail, identity, and other theft.  Her arrests and convictions during her adult life have been nearly constant.  Despite this, she has continued to engage in criminal conduct.  In just the past ten years, Holman has had the following convictions:

- a 2015 conviction from San Francisco Superior Court for petty theft;
- a 2016 conviction from San Mateo Superior Court for possessing the identification of over ten individuals with the intent to defraud;
- a 2018 conviction from San Francisco Superior Court for shoplifting at Saks Fifth Avenue;
- a 2018 conviction from San Francisco Superior Court for shoplifting a smartphone at Target;
- a 2022 conviction from San Mateo Superior Court for identity theft, including the attempted purchase of a 2016 Nissan Murano using a stolen identity;
- a 2023 conviction from San Francisco Superior Court for the theft of mail from an apartment building; and
- another 2023 conviction from San Francisco Superior Court for theft of mail from an apartment building.

(PSR ¶¶ 59-65.)  She has had numerous additional arrests.  (PSR at ¶¶ 113-122.)  As Probation notes, Holman has double the number of points needed for Criminal History Category VI.  (PSR at p. 37.)  Yet,

despite all these interactions with law enforcement, she has persisted in committing the same type of offenses.

The charged conduct encompasses just a portion of the identity thefts that the government knows Holman has committed. When she was arrested on July 22, 2024, in the federal building for violating the terms of her pretrial release, she was found with additional contraband, including credit cards in other people's name, mail belonging to other people, and a check issued to another person. (ECF ¶ 2.) Brazenly, Holman brought these stolen items into the federal building, where she was under pretrial supervision with respect to the charged offense and planning to meet her Pretrial Services Officer. The Ninth Circuit has held that a sentencing court acts fully within its discretion when it "consider[s] the defendant's repetition of the same or similar offenses" and bases its sentence on that circumstance. *United States v. Segura-Del Real*, 83 F.3d 275, 277 (9th Cir. 1996).

The government acknowledges that Holman has struggled with addiction and mental health issues, which is why the government is recommending a below-guidelines sentence of five months. (PSR at p. 37.) However, Holman must be held accountable for her continued crimes and must stop stealing mail. Accordingly, the government submits that a five-month sentence is appropriate.

## IV.    RESTITUTION

The Court should order Holman to pay $4,131.32 in restitution regarding the theft of A.E.'s unemployment insurance benefits, as she agreed to do in the plea agreement. (ECF 48 at ¶ 9.)

## V.    CONCLUSION

For the foregoing reasons, the government recommends that the Court sentence Holman to five months in custody, two years of supervised release, order her to pay $4,131.32 in restitution and a $100 special assessment, and impose the agreed-upon suspicion-less search condition.

DATED:  October 15, 2024                    Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Wendy M. Garbers*
WENDY M. GARBERS
Assistant United States Attorney